Please introduce yourself to the court. The appellant first. He's muted. You're muted, sir. I'm very sorry. Good morning, Attorney Lawrence for the appellant. Anthony Powell. And you're going to reserve some time for rebuttal. Yes. What's the total amount of time available? 15 minutes total. Reserve five minutes, please. That'd be fine. Thank you, Your Honor. Good morning. I am Suzanne Lowe's. I represent the state of Chicago, the defendant appellee. All right, let's proceed ahead. Thank you very much, Your Honor. In this case, on behalf of Anthony Powell, we're arguing it's our position that trial court erred as a matter of law, subject to de novo review. The court ruled that as a matter of law, sexual misconduct by a police officer cannot be found to be within the scope of employment. As we all are aware, this is an issue which has not been addressed by an Illinois appellate court, Illinois Supreme Court. These cases are not that common, but the cases thus far, the jurisprudence has all been in federal court involving this issue in Illinois. The lead case is the Seventh Circuit decision, Doe v. City of Chicago, where a woman was repeatedly assaulted. Cop broke into her home a couple of times, repeatedly assaulted. And addressing the issue, the court did recognize that such conduct can be within the scope of employment. Outside of, since there's no Illinois law in the case, in our briefs, we did cite the pertinent federal decisions, including the leading case from the Seventh Circuit. But as this court often does, looks to other jurisdictions in situations like this for guidance on how other jurisdictions have ruled, applying the same restatement. I've cited the lead decisions, including from California, the Miriam case, a recent case from Indiana, Supreme Court, Louisiana case, and there's other decisions which have held consistently that, although there is a general rule, with exceptions, that a police officer, that an employee is not acting within the scope of employment for purposes of responding on analysis, it's a different analysis for a police officer. And the key reason is because of the power and control that the police officers have. Counsel, I have a question. In some of these other cases that you cited, there appeared to have been some prior knowledge or awareness by either the entity or fellow employees. We don't seem to have that in this case. By prior knowledge, I mean a prior knowledge of predisposition of the individual to commit the offense. And what I believe are the lead cases, including the Miriam case, California, the Louisiana case, and the Indiana case, I don't believe, from Evansville, I don't believe in any of those cases there was prior knowledge. And some of the other cases we cite that is referenced, but in those cases, there was no reference to prior knowledge, it's analysis based upon the facts and the power that the police have. Ann? Let me ask you this question. You know, when you talk about California, California is a statutory state. Louisiana is a statutory state. They have statutes that cover these things. So, I mean, how is that applicable here in Illinois? The analysis was the same. In all of these states, there is a general rule that sexual misconduct is now within the scope of employment, and they're applying the same restatement that this court applies, the second restatement, and applying the restatement, and they've consistently recognized because the risk inherent in the power and control that police officers have, the conduct of sexual misconduct can be within the scope. And I would also point out, Your Honor, that I'm getting ready for the argument today, looking at some additional Illinois law. One case I found, which I think is very important, is Kiggin v. Woodman of World Insurance. The site is 185 Illap Third 400. In that particular case, a 15-year-old girl was at a youth camp. The counselor supervisor was intoxicated, gave liquor to the girl, young girl, and took her out in the woods and sexually assaulted her. This court, Fifth District, I apologize, the Fifth District held that even though the person was outside the scope of employment, one argument, but on the other hand, the employee was on the campgrounds when the incident occurred. There was control over the girl. In that case, the court found that that conduct of giving a 15-year-old girl and taking her out to a forest and raping her at a youth camp could be within the scope of employment for purposes of respondeant. Another exception to the rule is the common carrier rule. A key case there is Green v. Carlinville Community Unit School District. Fourth District case, that site is 381 Illap Third 207. In that case, a student was sexually assaulted by a school bus driver, and the Illinois Appellate Court held that. Ordinarily, employers are not liable for the acts of the employees if the employee's acts were not committed within the scope of his or her employment. In the context of respondeant, the term scope of employment generally acts as sexual assault or outside the scope of employment, but there's exceptions to that rule, including the common carrier liability, where there's heightened analysis. In that case, there's another exception where this court has held that there can be respondeant liability for sexual misconduct, in these cases, sexual assault. I mean, are you telling us that we should find a common carrier situation with a policeman? No, absolutely not. What I'm saying is that the city is arguing based upon cases that don't involve police officers and saying, well, here's the rule. This court has held that sexual misconduct is not within the scope and they cite a bunch of cases. None of them involve police officers. The rare one that does is always off duty. But there are exceptions to the rule. Our position is that this is another, can be another, should be another exception to the rule. And this court has held in other areas of law, including a school bus driver, sexually assaulting a student, including a true camp counselor, getting a 15 year old girl drunk and then take her in the force and sexually assaulting her. This court has held in those circumstances. Also, there can be respondeant liability. So, respectfully, we are submitting that you look at these cases in Illinois involving, which is carved out an exception to the rule. And then by analogy, we can look at other jurisdictions where they applied their restatement and basically saying that because of the power, the risk inherent in the power and control of police officers, sexual misconduct can be within the scope. And make no mistake, in this case, the plaintiff, the appellant, was in custody at the time, in custody of the defendant police officer. He was in uniform, he was on duty, he was physically restrained, he was in handcuffs, and with that much power and control, more than any other example, these other exceptions. In a case like this, this is the ultimate example where the sexual misconduct flows from that power and control. And the courts have repeatedly held that in that situation, there can be responding as superior liability and a finding under certain facts that the conduct is so related to the employment, it is within the scope of employment. So, again, just to go back to the cases, which ones are the ones that you, in your opinion, are the leading cases in this area. You said Doe versus St. Clair, right? No, Doe versus City of Chicago, which was the 2004... Doe versus City of Chicago, 2004 Seventh Circuit decision written by Judge Posner, the site there is 360 Fed Third 667. That's the lead cases, it comes from the Seventh Circuit. There's multiple district court decisions, federal district court decisions, post Doe, applying the Doe analysis, which is explicitly stated that sexual misconduct by a police officer can be within the scope of employment. And then outside of Illinois, the lead cases would be Miriam versus City of Los Angeles, 54 Kelp Third 202. The Indiana case was probably has the best and most thorough analysis by far. It's a recent case in Indiana Supreme Court, Cox versus Evansville Police Department, 2018 decision, the site there is 107 Northeast Third 453. I also threw in my reply brief, a case in Louisiana, which applied the same analysis, applying the restatement and reached the same conclusion. But Miriam, the California case was from 1991, and many jurisdictions have used that case in making rulings in their own states. And then more recently, like I said, I think from Indiana Supreme Court 2018 probably has the most thorough analysis of the issue, Cox versus Evansville Police Department. Counsel, I just had one question. The first two cases that you cited, the 185 Elap Third and the 381 Elap Third, were those in your briefs? No, they weren't. I just know, in getting prepared for oral arguments, my briefs primarily focused on police misconduct, sexual misconduct by police. But getting prepared for the oral argument, I did notice there were these other Illinois cases, which recognize there was an exception to the general rule that sexual misconduct is now within the scope. And even the case relied upon the city of Chicago in all of these cases through the years, the Deloney case, that case didn't involve the police, and that case explicitly recognized that a different analysis is warranted if it did involve police. And that's what I'm asking the court to do, is provide that analysis for the first time. Okay. Any further questions by any members of the panel? No, thank you. Okay, let's hear from the city. Good morning, Your Honors. May it please the court. This morning, I will explain that the circuit court properly dismissed Mr. Powell's claim against the city of Chicago as Officer Calhoun's employer because Officer Calhoun was not acting within the scope of employment when he committed the alleged sexual assault. Whether or not Illinois appellate courts have had a case involving an on-duty police officer, this court is not riding on a blank slate. In Illinois, there is a settled test for determining whether an employee is acting within the scope of employment. The Supreme Court has adopted it in some of the cases we cite, Bajent, and in Adams, one of the cases my opposing counsel cites in the reply brief. It is a three-part test. It's four parts where intentional force is alleged, and the Supreme Court tells us in Bajent each component must be satisfied. There is no argument here that sexual assault is the kind... I'm sorry. The first factor in the restatement test asks whether the employee's alleged tortious conduct is of the kind he is employed to perform. And there's no argument here that sexual assault is the kind of conduct a police officer is hired to perform. And the third factor asks whether the employee is motivated at least in part to serve the employer. And the plaintiff here does not claim that Officer Calhoun was motivated even in part by a purpose to serve the employer during the alleged sexual assault. The plaintiff does not even acknowledge the restatement test at all, and that's why we make the forfeiture argument we do on pages six to seven of our brief. The plaintiff has forfeited any argument that he has satisfied that test. And quite apart from the restatement or any Illinois case law, the plaintiffs urge this court to adopt a different approach, followed in some other states but not Illinois, and that would deem police officers within the scope because they have, by virtue of their employment, broad authority with the potential to be abused. I have a question. So the appellant's asking us to make an exception here, to look at this case differently than ours. Does the restatement provide for that? And if so, what are we to look at when we make an exception in this area? Well, Your Honor, there is no support for any exception under the common law. And also, there's no support for that exception under the Tort Immunity Act, which codifies the scope of employment test. And in fact, under the Tort Immunity Act, under Section 1-101.1, a public entity employer has available to it all the same defenses and immunities that are available to a private entity employer. That's true under the common law and under statutes. So the city, as a public entity employer, is entitled to the same defenses as a private entity employer. And so I don't believe there's room for an exception to be created in this context under the Tort Immunity Act. And now, this approach that has been taken in other jurisdictions, it would be an exception to the scope of employment rule and not an application of it. There's no support for that exception in the Tort Immunity Act or the common law of this state. We understand that police officers have broad authority, and we understand the concern about the potential abuse of power. And that's why there are a host of rules designed specifically for the Chicago Police Department. There's oversight from a number of agencies, and there's a special agency dedicated to reviewing disciplinary matters of Chicago Police Department, the police board. And sexual assault allegations are taken very seriously. Officer Calhoun was stripped of police powers and placed on no-pay status immediately after this incident. Here, we are talking about employer liability under respondeat spure, a kind of liability that applies even when the city has not been negligent in any way, has not done everything in its power, I'm sorry, and it has actually done everything in its power to guard against that misconduct. And under Illinois' well-developed law in the area of respondeat superior, that liability will attach only in the very limited circumstances under the restatement where a police officer is doing the job of a police officer. And like any other cause of action, the elements of a cause of action for respondeat superior and indemnification do not change with the facts. That's not how the common law works. You can't just skip over these elements when you have a different kind of employee. And also, as I mentioned before, the Tort Immunity Act provides that any defense or immunity available to a private entity is likewise available to local public entities. In federal Illinois cases or the restatement, the plaintiff relies on federal cases purporting to apply Illinois law, and some cases in other jurisdictions that do not follow the restatement test. And frankly, the federal cases are mixed bag, both sides cite some of those cases in support of our provision. But it's important to note that not every state follows the restatement. And the approach that the Seventh Circuit discussed in Doe versus City of Chicago came out of states that have not adopted the restatement. And the parties, for example, in California did not mention the restatement. In Indiana, in the Cox case that opposing counsel cites, the court expressly states that it has not adopted the restatement and that the parties did not ask it to. So, since we know that in Illinois, the test for respondeat superior or indemnification is the restatement test, it becomes clear which federal cases involving law enforcement are most useful for purposes of determining what Illinois law requires. The cases that do apply the restatement test to police officers involved in sexual misconduct. And we submit those cases like Martin versus Milwaukee and Mackey versus Dix-Moore, which we cite in our brief, which both hold that law enforcement officers did not act within the scope of employment when committing sexual assault, because the offenders there were motivated by a personal desire for sexual gratification and not to serve the employer. And because by no stretch of the imagination is sexual assault an extension of legitimate law enforcement duties. And I would note that the plaintiff's counsel has mentioned a couple of cases that were not cited before. To the extent I review those and feel any further comment other than what I've made is appropriate, I will ask the court for leave to respond. One last comment about common carrier. I would like to note that there is no basis for extending the heightened standard for common carrier status to police officers. In fact, under the Tort Immunity Act, we think that's not. In fact, under the Tort Immunity Act, there is an exception for common carriers. But there is not one that applies generally to all police law enforcement. So we believe there's no basis for that heightened standard. In fact, the General Assembly has decided not to do that in cases involving public entity employers. For these reasons, we ask that this court affirm the judgment of the circuit court, and I'm happy to take any questions. Any further questions by any members of the panel? No. Let's hear the rebuttal then. I did have one, not a question, but a statement, Art. I think from reading your cases, you cited, was it sheriff's cases where there was no liability and like counselors for all of these people who have authority over their victims, and yet there was no respondeat superior found on that. Yes, absolutely. There are a number of similar cases under Illinois law that involve similar power imbalances, and I would argue comparable. I mean, one of them involved a daycare teacher and a three-year-old, for example. I think that's a similar power imbalance, and yet this court held that the teacher was not acting within the scope of employment. So there is certainly some of these legal principles, certainly, even though they aren't cases involving police officers, support that that is not an appropriate factor in determining scope of employment. Okay, let's hear from the rebuttal. Thank you very much, Your Honor. Just regarding that issue, the main case that the city cites about a sheriff in their brief is the Bates decision, which is very, very distinguishable. In Bates, the deputy was off duty. He was wearing army fatigues. He was carrying a machine gun. He had a stun gun, a knife, and he approached a woman walking along the prairie path, stunned her, raped her, and cut her with a knife afterwards. Not on duty, not in uniform, not involving an arrestee, and that's a very distinguishable case. The issue here is that the city is arguing, under no circumstance, the city is arguing, well, the way we look at the law is suctionless conduct cannot be within the scope of employment, and under no circumstances, therefore, can suctionless conduct by a police officer be within the scope of employment. And what we're saying is that when this issue has been analysed, including the Lee decision, applying Illinois law from the Seventh Circuit, reaching the exact opposite conclusion with the city reached. And there are numerous cases involving off duty police officers and security guards and things of that nature, but this analysis is different. Every court that has analysed it has recognised this analysis is different because of the power and control, and once again, in this case, there was physical control. This wasn't an arrestee. This person was being detained. The police had the power over that person because of the power conferred to him by his employer, and for that reason, a different conclusion, a different analysis is warranted, which leads to a different conclusion here, consistent with the Lee case applying Illinois law from the Seventh Circuit and other jurisdictions. The Miriam case, for example, addressing the exact issue the city is arguing, recognised that because of the exertion and physical control over an arrestee, that authority carries with the risk of abuse. The danger that an officer will commit a sexual assault while on duty arises from the considerable authority and control inherent in the responsibilities of an officer enforcing the law. Then the exact same argument was rejected in the Indiana case. Tortuous conduct, even criminal conduct, can be within the scope of employment. Acts that do not benefit the employer or are willful and wanton. The proper inquiry is not whether the wrongful act itself was authorised, but whether it was committed in the course of a series of acts of the agent which were authorised by the principal in view of the considerable power and authority that police officers possess. It is neither startling nor unexpected that on occasion an officer will misuse that authority. And that's the exact analysis that should be applied here, respectfully submit, which warrants a different conclusion, that because of that power and control, sexual assault by a police officer can be held to be within the scope of employment, even though it's not specifically authorised, as has been repeatedly recognised by the courts. Any questions by any members of the panel? No, no questions. Well, you know, you've given us a very interesting case and you guys have done a very good job and we certainly appreciate your arguments. You'll have a decision shortly and the court will be temporarily adjourned and then we'll start again for the next case.